UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES FOR THE MASON
TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND,
ANNUITY FUND, AND TRAINING
PROGRAM FUND, JOHN J. VIRGA, *in
his fiduciary capacity as Director,* and
ROBERT BONANZA, *as Business
Manager of the Mason Tenders District
Council of Greater New York,*

                      Petitioners,

              -v.-

SUPER, LLC,

                      Respondent.

19 Civ. 5364 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

      Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund, John J. Virga in his fiduciary capacity as Director, and Robert Bonanza as Business Manager of the Mason Tenders District Council of Greater New York (together, "Petitioners") filed this motion for summary judgment on their petition to confirm an arbitration award dated June 10, 2018 (the "Award"), pursuant to Section 301 of the Labor Management Relations Act of 1947 (LMRA), *as amended*, 29 U.S.C. § 185.  The motion is unopposed, as Respondent Super, LLC has neither acknowledged Petitioners' petition nor made any effort to contest confirmation of the Award.  For the reasons set forth in the remainder of this Opinion, Petitioners' motion is granted.

# BACKGROUND[1]

## A. Factual Background

Petitioners and Respondent are both signatories to the 2013-2015 Independent Asbestos Agreement (the "CBA"), which binds the parties to the terms and conditions of the respective Trust Agreements of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund (collectively, the "Funds"). (Pet. 56.1 ¶¶ 3, 6). The CBA requires Respondent to pay dues and contributions to the Funds on behalf of its employees. (*Id.* at ¶ 5). The Funds' Trust Agreements permit Petitioners to initiate arbitration proceedings against employers that are delinquent in their payment of contributions and dues. (*Id.* at ¶¶ 6-7).

On or about May 3, 2018, Petitioners initiated the underlying arbitration proceeding (the "Arbitration") by serving Respondent with a notice and demand for arbitration. (Pet. 56.1 ¶ 12). Petitioners' claim related to Respondent's failure to pay benefit contributions and dues, and political action committee contributions to the Funds. (*Id.* at ¶¶ 3-12). Respondent's principal, Taylor Dominguez, acknowledged receipt of the notice and demand for arbitration on May 5, 2018. (*Id.* at ¶ 12). On May 11, 2018, the arbitrator, Joseph A. Harris, Ph.D., notified the parties that he would conduct a hearing in the matter on June 4, 2018. (*Id.*). Arbitrator Harris convened the hearing on June 4, 2018.

---

[1] The facts in this Opinion are drawn from Petitioners' Local Rule 56.1 Statement ("Pet. 56.1" (Dkt. #9)). Citations to Petitioners' Rule 56.1 Statement incorporate by reference the documents cited therein. For ease of reference, the Court will refer to Arbitrator Harris's Award as the "Award" (Dkt. #11 at Ex. 1).

(*Id.* at ¶ 13). No representative for Respondent appeared. (*Id.*). Petitioners submitted evidence in support of their claim, including a copy of an auditor's report analyzing the relevant contributions, as well as testimony from Petitioners' delinquency manager. (*Id.* at ¶ 14).

On June 10, 2018, Arbitrator Harris issued his award in favor of Petitioners. (Pet. 56.1 ¶ 15; Award 1-3). Arbitrator Harris ordered Respondent to pay Petitioners a total amount of $42,261.79, comprising unpaid dues and contributions, interest, and audit costs, as well as liquidated damages of $4,644.60, legal costs of $500.00, and arbitration fees of $1,320.00. (Pet. 56.1 ¶ 15; Award 1-3).

**B.     Procedural Background**

Petitioners filed the instant petition to confirm the Award on June 7, 2019. (Dkt. #1). On June 26, 2019, Petitioners filed an affidavit with the Court indicating that Respondent had been served by mail and electronic mail. (Dkt. #7). On June 13, 2019, the Court ordered Petitioners to move for confirmation of their arbitral award in the form of a motion for summary judgment due June 27, 2019. (Dkt. #6). The Court ordered Respondent to file any opposition brief by July 11, 2019, and Petitioners to file their reply by July 18, 2019. (*Id.*). Petitioners filed their summary judgment motion on June 27, 2019. (Dkt. #8-11). Respondent has neither filed opposition papers, nor appeared in the case. As such, the motion is ripe for the Court's consideration.

## DISCUSSION

**A. Applicable Law**

**1. Unopposed Petitions to Confirm Arbitration Awards**

The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process[.]" *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). "The federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes." *N.Y. Hotel & Motel Trades Council* v. *Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997). As the Second Circuit observed, "[t]he LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers of Am.* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)).

Judicial "review of an arbitration award under the LMRA is, accordingly, 'very limited.'" *Id.* (quoting *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) (per curiam)). When a court reviews a labor dispute arbitration, "[i]t is only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Garvey*, 532 U.S. at 509 (internal quotation marks omitted). "[U]nless the award is procured

through fraud or dishonesty, a reviewing court is bound by the arbitrator's factual findings, interpretation of the contract[,] and suggested remedies." *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund* v. *High Performance Floors Inc.*, No. 15 Civ. 781 (LGS), 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (first alteration in original) (internal quotation marks omitted) (quoting *Int'l Bhd. of Elec. Workers* v. *Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999)), *reconsideration denied*, No. 15 Civ. 781 (LGS), 2016 WL 3911978 (S.D.N.Y. July 15, 2016).

A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but [may] inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League Mgmt. Council*, 820 F.3d at 536. A reviewing court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the award 'draws its essence from the collective bargaining agreement … ,' it must be confirmed." *Id.* (quoting *Niagara Mohawk Power Corp.*, 143 F.3d at 714).

2. **Summary Judgment**

Courts within this Circuit approach an unopposed petition to confirm an arbitration award "'as akin to a motion for summary judgment based on the

5

movant's submissions,' and the court 'may not grant the motion without first examining the moving party's submission to determine' that it satisfactorily demonstrates the absence of material issues of fact." *Neshgold LP* v. *N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 13 Civ. 2399 (KPF), 2013 WL 5298332, at *7 (S.D.N.Y. Sept. 19, 2013) (quoting *D.H. Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 109-10 (2d Cir. 2006)). Under the familiar summary judgment standard, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986); *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (internal quotation marks omitted). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

**B.     Analysis**

Particularly given the Court's deferential posture in reviewing arbitral awards under the LMRA, the Court finds that Petitioners have adequately supported their petition. There are no material facts in dispute: Respondent has not contested any of the material facts upon which Petitioners' motion for summary judgment is based, and the record discloses no dispute concerning those facts.

The CBA and Funds' Trust Agreements required Respondent to pay benefit contributions and dues and political action committee contributions to the Funds. Petitioners determined that Respondent had not made all required contributions for the time period from June 25, 2016, through June 30, 2017. (Pet. 56.1 ¶ 12). Petitioners also noted that Respondent had failed to pay interest for a period of delinquent payment of dues from October 1, 2015, to November 30, 2015. (*Id.*). Accordingly, Petitioners pursued arbitration under the terms of the CBA. In the Award, Arbitrator Harris found that substantial and credible evidence presented during the June 4, 2018 hearing established that Respondent owed Petitioners "delinquent fringe benefits and associated items" as detailed in a deficiency report introduced by Petitioners. (Award 2). Arbitrator Harris, citing the CBA, the Funds' Trust Agreements, an audit report, and a deficiency report, issued an Award that included the delinquent contributions for fringe benefits, delinquent contributions for dues and political action committees, interest, audit costs, arbitrator's fees, an ERISA penalty, and attorney's fees. (*Id.* at ¶¶ 2-3). Together, the Award totaled $42,261.79. (*Id.*).

The grounds for the Award are readily discernible from Arbitrator Harris's Opinion. (*See generally* Award). Despite being properly served, Respondent did not appear in this case to dispute any of Arbitrator Harris's findings, nor the contents of the Award. Nor would there have been a basis for Respondent to do so: Arbitrator Harris construed and applied the CBA and

7

acted within the scope of his authority when he issued the Award. The LMRA, in turn, requires this Court to confirm the Award.

## CONCLUSION

For the foregoing reasons, Petitioners' motion for summary judgment on their petition to confirm the arbitration award is GRANTED, and judgment will be entered in the amount of $42,261.79. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: October 25, 2019
New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge